ROD M. FLIEGEL, Bar No. 168289
rfliegel@littler.com
ALISON S. HIGHTOWER, Bar No. 112429
ahightower@littler.com
YVES NGUYEN, Bar No. 281408
ynguyen@littler.com
LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, California  94108.2693
Telephone:	415.433.1940
Facsimile:	415.399.8490

Attorneys for Defendant
RECOLOGY INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER CORIA, on behalf of himself and all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>RECOLOGY, INC., and DOES 1-100,<br><br>Defendant. | Case No. 14-cv-01536-JD<br><br>**DEFENDANT RECOLOGY INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR ORDER REMANDING CASE TO STATE COURT AND AWARDING COSTS AND ATTORNEYS' FEES**<br><br>Date:	June 11, 2014<br>Time:	9:30 a.m.<br>Dept.:	11<br>Judge:	Hon. James Donato |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION
FOR REMAND, COSTS/ATTY FEES

Case No. 14-cv-01536-JD

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. STATEMENT OF THE CASE ..... 1

A. Plaintiff And The Putative Class Are Or Were Union Members ..... 1

B. The CBAs Govern Meal Periods And Pay ..... 2

C. Plaintiff's Complaint Ignores The CBAs Governing His Working Conditions ..... 2

III. LEGAL ARGUMENT ..... 3

A. Plaintiff's Claims Are Preempted By Section 301 Of The LMRA Because His Claims Are Founded On Rights Created By The CBAs. ..... 3

1. Plaintiff's Meal Period Claim Is Founded On, And Substantially Dependent Upon, Interpretation Of The CBAs Because Plaintiff's Meal Period Rights Are Not Governed By Independent State Laws ..... 3

2. Plaintiff's Overtime Claim Is Derivative Of His Preempted Meal Period Claim ..... 10

B. Plaintiff's Reliance On The *Daniels* Remand Is Misplaced Because Daniels' Action Was Based On Rounding Of Time And Did Not Implicate Labor Code Section 512(e) ..... 12

C. Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims ..... 13

D. Plaintiff Is Not Entitled To An Award of Attorney's Fees ..... 13

IV. CONCLUSION ..... 14

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allis-Chalmers Corp. v. Lueck*,
471 U.S. 202 (1985) .......... 3

*Balcorta v. Twentieth Century-Fox Film Corp*.,
208 F.3d 1102 (9th Cir. 2000) .......... 1

*Bonilla v. Starwood Hotels & Resorts Worldwide, Inc*.,
407 F. Supp. 2d 1107 (C.D. Cal. 2005) .......... 7, 10

*Brinker Restaurants Corp. v. Superior Court*,
53 Cal. 4th 1004 (2012) .......... 4, 5

*Buck v. Cemex, Inc.,*
2013 U.S. Dist. Lexis 124111 (E.D. Cal. Aug. 29, 2013) .......... passim

*Burnside v. Kiewit Pacific Corp*.,
491 F.3d 1053 (9th Cir. 2007) .......... 7

*Daniels v. Recology, Inc*.,
2010 U.S. Dist. Lexis 137613 (N.D. Cal. Dec. 20, 2010) .......... 12, 13, 14

*Firestone v. S. Cal. Gas Co*.,
219 F.3d 1063 (9th Cir. 2000) .......... 8

*Ford Motor Co. v. NLRB*,
441 U.S. 488 (1979) .......... 9

*Gregory v. SCIE, LLC*,
317 F.3d 1050 (9th Cir. 2003) .......... 7, 11

*Kobold v. Good Samaritan Regional Medical Center*,
2013 U.S. Dist. Lexis 62292 (D. Ore. Feb. 21, 2013) .......... 11

*Kuba v. 1-A Agric. Ass'n*,
387 F.3d 850 (9th Cir. 2004) .......... 13

*Lingle v. Norge Div. of Magic Chef*,
486 U.S. 399 (1988) .......... 3

*Livadas v. Bradshaw*,
512 U.S. 107 (1994) .......... 7, 13

*Martin v. Franklin Capital Corp.,*
546 U.S. 132 (2005) .......... 13

*Martinez v. Mann Packing Co., Inc*.,
2012 U.S. Dist. Lexis 133421 (N.D. Cal. Sept. 18, 2012) .......... 10

*Milne Employees Ass'n v. Sun Carriers, Inc*.,
960 F.2d 1401 (9th Cir. 1991) .......... 3

*Mitchell v. JCG Industries, Inc.*,
2014 U.S. App. Lexis 5099 (7th Cir. Mar. 18, 2014) .......... 10

*Paige v. Henry J. Kaiser Co*.,
826 F.2d 857 (9th Cir. 1987), *cert. denied*, 486 U.S. 1054 (1988) .......... 3

*Perez v. Daughters of Charity Health System*,
2012 U.S. Dist. Lexis 1547 (C.D. Cal. Jan. 5, 2012) .......... 10

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

ii.

Case No. 14-cv-01536-JD

*Rodriguez v. Pacific Steel Casting Co.*, 2012 U.S. Dist. Lexis 76757 (N.D. Cal. Jun. 1, 2012) .................................................. 10, 13, 14

*Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209 (9th Cir. 1998) ........................................................................................ 9

*Teamsters v. Lucas Flour Co.*, 369 U.S. 95 (1962)........................................................................................................ 3

*Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005) ...................................................................................... 10

*Vranish v. Exxon Mobil Corp.*, 223 Cal. App. 4th 103 (2014) ........................................................................................ 8

*Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993 (9th Cir. 1987) ......................................................................................... 3

**STATUTES**

29 U.S. Code Section 185(a)........................................................................................ 2, 3

29 U.S. Code Section 1367(a)........................................................................................ 13

California Business and Professions Code Section 17200 ..................................................... 2, 12

California Code of Regulations, Title 8, Section 11090(12)(A).................................................. 4

California Labor Code Section 203 ........................................................................................ 13

California Labor Code Section 226 .......................................................................................... 7

California Labor Code Section 226.7 ............................................................................... passim

California Labor Code Section 226.7(c)....................................................................................... 4

California Labor Code Section 226.7(d)....................................................................................... 5

California Labor Code Section 510 ......................................................................... 8, 11, 12, 13

California Labor Code Section 512 ........................................................................................ 7, 12

California Labor Code Section 512(a)............................................................................... passim

California Labor Code Section 512(e)............................................................................... passim

California Labor Code Section 514 ....................................................................................... 11, 13

Labor Management Relations Act Section 301 ......................................................... passim

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## I. INTRODUCTION

Congress passed the Labor Management Relations Act ("LMRA") to "promote the arbitration of labor contract disputes [and] secure the uniform interpretation of labor contracts." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108-09 (9th Cir. 2000). Plaintiff Javier Coria admits that he and the putative class of commercial drivers at Recology he seeks to represent were subject to collective bargaining agreements ("CBAs"), yet he seeks to sidestep those agreements and instead pursue claims for supposedly not being "provided" meal periods and derivative claims under the California Labor Code and other state laws.

This he cannot do. The crux of Plaintiff's remand motion is his claim that Recology's relationship with him and similarly situated drivers is governed by "independent" state labor laws, when in fact he ***concedes*** those laws do not apply to this unionized workforce because California Labor Code Section 512(e) permits Recology to instead negotiate meal periods with the union. Plaintiff's meal period claim is thus dependent upon the CBAs' meal period provisions and Plaintiff's own Complaint demonstrates that the parties dispute how those provisions should be interpreted. Plaintiff's reliance on entirely obsolete case law involving independent state laws is misplaced, as a recent district court decision held, because Plaintiff's meal period claims are founded on, inextricably intertwined with, and substantially dependent upon the CBAs. *Buck v. Cemex*, *Inc.,* 2013 U.S. Dist. Lexis 124111 (E.D. Cal. Aug. 29, 2013). These claims thus are preempted by federal labor law and jurisdiction in this Court is appropriate.

## II. STATEMENT OF THE CASE

### A. Plaintiff And The Putative Class Are Or Were Union Members

Recology Inc. is a holding company with various subsidiary corporations, including Recology Golden Gate ("Recology").[1] (Declaration of John Ratto In Support Of Notice of Removal, ¶ 2.) Recology is a waste management company that collects, recycles and disposes of solid waste, organic material and recyclable products such as paper, glass and aluminum. (*Id.*) Plaintiff was hired by Recology Golden Gate in San Francisco as a driver/helper in December 2012. (*Id.* ¶ 3.) Plaintiff was assigned to drive certain collection trucks on various waste collection routes. (*Id.*)

[1] Plaintiff sued Recology, Inc., and we leave for another day a dispute over his true employer.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**B. The CBAs Govern Meal Periods And Pay**

Recology Golden Gate entered into a bargaining agreement with the Sanitary Truck Drivers and Helpers Union, Local 350 of the International Brotherhood of Teamsters in 2005, renewed in 2012. (Ratto Decl., ¶¶ 6, 8 and Exs. 2 & 3 [Ex. B to Hightower Decl.].) The CBAs cover all "helper/drivers" employed by Recology, as well as shop persons, mechanics/truck welders, commercial drivers, route leadpersons and recycling collectors. (*Id.* § 5.) The CBAs set forth specific provisions addressing employees' hours of work, including their entitlement to take specified meal and rest periods. (*Id.* §§ 7, 21.) Additionally, the CBAs set forth specific provisions addressing the drivers' regular rates of pay and calculation of overtime pay. (*Id.* §§ 5-7.) The CBAs also include a grievance and arbitration procedure available as the exclusive forum for resolution of disagreements or disputes "regarding the interpretation or enforcement of any section of this Agreement, or the terms or provisions of written agreements supplementary to this Agreement…." (*Id.*, § 16.)

**C. Plaintiff's Complaint Ignores The CBAs Governing His Working Conditions**

Plaintiff filed this putative class action in state court, ignoring the CBAs. Plaintiff claims that he and similarly situated Recology employees were not "provided" 30-minute off-duty meal periods under Labor Code Section 512(a) and "authorized or permitted" ten-minute rest periods, that 30 minutes was automatically deducted from their pay that should be paid at either straight or overtime rates, and that they are owed one hour of additional pay under Labor Code Section 226.7 and overtime for each day a meal period was not "provided" under 512(a). (Complaint, ¶¶ 3-7, 52-68.) Plaintiff also asserts on behalf of a putative class derivative claims of fraud, conversion, "wage theft," inaccurate wage statements and waiting time penalties, as well as an equitable claim under the Business and Professions Code, all premised on the contention that Recology deducted 30 minutes from workers' pay without providing 30-minute off-duty timely meal periods and failed to pay premium pay and overtime. (*Id.*, ¶¶ 8-20, 35, 40-52, 69-139.) Nowhere in the Complaint does Plaintiff mention the applicable CBAs. Defendant removed this action to this Court because Section 301 of the LMRA, 29 U.S.C. § 185(a), preempts Plaintiff's state law claims.

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

## III. LEGAL ARGUMENT

### A. Plaintiff's Claims Are Preempted By Section 301 Of The LMRA Because His Claims Are Founded On Rights Created By The CBAs.

#### 1. Plaintiff's Meal Period Claim Is Founded On, And Substantially Dependent Upon, Interpretation Of The CBAs Because Plaintiff's Meal Period Rights Are Not Governed By Independent State Laws.

Plaintiff does not dispute that Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Nor does he dispute that Section 301 preempts "claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement." *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 1987), *cert. denied*, 486 U.S. 1054 (1988) (citations omitted). As the Ninth Circuit held, "[t]he preemptive force of Section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement, and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted). Section 301 preemption ensures that the interpretation of CBAs remains uniform and independent of state law. *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 103-04 (1962). Preemption also furthers the strong federal policy that labor disputes "remain firmly in the arbitral realm." *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 411 (1988). As the Supreme Court held, "questions relating to what the parties to a labor agreement agreed, and ***what legal consequences were intended to flow from breaches of that agreement***, must be resolved by reference to uniform federal law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210-11 (1985) (emphasis added).

Plaintiff concedes that he cannot avoid Section 301 preemption by failing to disclose the existence of CBAs in his Complaint. *Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). Although Plaintiff's Complaint makes no mention of the CBAs, Plaintiff's motion to remand also concedes that he and the putative class members he seeks to represent are governed by CBAs. (Plf. MPAs, pp. 5:21-22; Ratto Decl., ¶¶ 6, 8 and Exs. 2-3.) The 2005 and 2012 CBAs cover all "helper/drivers" employed by Recology, as well as other hourly

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

positions within Plaintiff's broad class definition.[2] (*Id*., Exs. 2 & 3 at § 5.) These CBAs specify employees' entitlement to "coffee breaks." In that section, the CBAs state that:

> All employees shall each day be ***entitled*** to take two (2) paid coffee breaks of ***fifteen (15) minutes*** each. An unpaid lunch break of thirty (30) minutes at as near to mid-shift as possible is also ***permitted***. (*Id*. § 21 [emphasis added].)

This language is different from the meal period requirements in Labor Code Section 512(a), which states, "[a]n employer may not employ an employee for a work period of more than five hours per day without ***providing*** the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee." (Emphasis added.) Further, the CBAs differ from the rest period requirements of the Wage Orders, which do not "entitle" employees to two "coffee" breaks of fifteen minutes, but rather "authorize and permit" rest periods "based on the total hours worked daily at the rate of ***ten (10) minutes*** net rest time ***per four (4) hours or major fraction thereof***." 8 C.C.R. § 11090(12)(A) (emphasis added).

Since its enactment in 1999, what Labor Code Section 512(a) requires employers to do in order to "provide" meal periods to non-unionized employees has been hotly contested. The issue has meaningful consequences because under Labor Code Section 226.7(c), "[i]f an employer fails to provide an employee a meal … period in accordance with a state law, … the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal … period is not provided." In *Brinker Restaurants Corp. v. Superior Court*, 53 Cal. 4th 1004, 1040 (2012), the California Supreme Court held that the word "provide" in Sections 512(a) and 226.7 does not require employers to "ensure" or guarantee that employees "do no work" during their meal periods—as employees contended—nor does the employer have to "provide" a 30-minute meal break for every five-hour work period. The Court held "[t]he employer satisfies this obligation if it relieves its employees of all duty, relinquishes control over their activities and permits them a reasonable opportunity to take an uninterrupted 30-minute break." *Id.*

[2] Since Plaintiff's Complaint reaches back four years to February 26, 2010, certain drivers were subject to the 2005 CBA.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Thus, the employer ***does not owe*** the employee one additional hour of pay pursuant to Labor Code Section 226.7 if it satisfies this obligation. *Id.* However, under Section 512(a), as the Supreme Court held in *Brinker*, "first meal periods must start after no more than five hours." *Id.* at 1041. Further, employers may not "impede" or "discourage" employees from taking off-duty meal periods, which Plaintiff here alleges include "creating incentives to forego" meal periods. *Id.* at 1040.

Importantly here, for certain unionized employees, Labor Code Section 512(e) states that the meal period requirements set forth in Section 512(a) "do not apply to an employee specified in subdivision (f)" if the employee is covered by a valid CBA that includes certain express provisions. As a result, Recology contends that its duty is to follow its CBA, and not the "provide" standard of Labor Code Section 512(a). Recology's CBAs do not promise to "provide" meal periods, but instead uses the more permissive word "permit." Moreover, Recology contends that Labor Code Section 226.7, requiring an employer to pay one additional hour of pay at the employee's regular rate of compensation for a meal period not "provided," is inapplicable to commercial drivers whose meal periods are governed solely by the CBA pursuant to Labor Code Section 512(e).[3] Recology alleges that the CBA only permits drivers to take one unpaid lunch break a day, and does not entitle them to one hour of additional pay if a meal period was not "provided," let alone if a break was not permitted or taken for every five-hour work period, if the drivers were interrupted, not relieved of duty, or if there was a financial incentive to not stop work.

Plaintiff, by contrast, alleges that the obligations for non-union employees in Labor Code Section 512(a), as interpreted by *Brinker* and other court decisions, instead govern the drivers, and that Recology is liable to them for the one hour of additional pay under Section 226.7 if Defendant did not meet the "provide" standard of Section 512(a). In fact, Plaintiff ***expressly alleges*** that the common questions of law and fact the court should resolve include:

- "Whether Defendants and/or DOES ***violated Labor Code sections 226.7 and 512***, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by ***failing to provide meal periods to Non-Exempt Employees per every (5) [sic] hours of continuous work*** and/or failing

[3] Labor Code Section 226.7(d) states that "[t]his section shall not apply to an employee who is exempt from meal or rest or recovery period requirements pursuant to other state laws, including but not limited to, a statute or regulation, standard, or order of the Industrial Welfare Commission."

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

5.

Case No. 14-cv-01536-JD

to ***pay said employees one hour of pay at the employee's regular rate of compensation*** for each work day that **the *meal period was not provided***." (Complaint, 11:6-12 [emphasis added].)

- "Whether Defendants and/or DOES ***violated Labor Code sections 226.7 and 512,*** IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, ***by not relieving Non-Exempt Employees from all duties*** during a 30 minute meal period and ***not counting the time as time worked***." (*Id*., 11:13-17 [emphasis added].)

- "Whether Defendants' and/or DOES' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES ***not providing meal and rest periods***, in that said policies pressured its Non-Exempt hourly industrial truck workers to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or ***not legally provide meal periods***." (*Id*., 11:19-24 [emphasis added].)

- "Whether Defendants and/or DOES had a pattern and practice of pressuring its hourly Non-Exempt industrial truck workers to complete routes within time frames that made it impractical for RECOLOGY, INC. Non-Exempt ***drivers to be relieved of all duty*** for 30 minute meal periods and/or 10 minute rest periods." (*Id*., 11:25-12:1 [emphasis added].)

- "Whether the in existence [sic] of a policy allowing a second meal period in shifts of over five (5) hours resulted in RECOLOGY, INC. Non-Exempt truck workers not being ***provided*** a second meal period in accordance with the Labor Code and Wage Orders." (*Id*., 12:2-5 [emphasis added].)

The parties thus have a genuine dispute over what the CBAs require. This Court will need to determine what obligations Recology undertook by agreeing to "permit" an unpaid lunch break of 30 minutes at as near to mid-shift as possible, and whether Recology was required by the CBAs or past practices to:

- "Provide" or merely "permit" a meal period, and what obligation that entails;
- "Provide" or "permit" a meal period for every five hours of continuous work;
- "Provide" or "permit" more than one meal period per shift, day or work period;
- Relieve Plaintiff and the putative class from all duty during meal periods;
- Not interrupt Plaintiff and the putative class during meal periods;
- Not offer any financial incentive to skip or shorten meal periods and what constitutes an unlawful financial incentive;
- Pay Plaintiff and the putative class overtime or straight time for meal periods which were interrupted, lasted less than 30 minutes, or were not entirely off duty; and
- Pay Plaintiff and the putative class one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not "provided" or "permitted," and if so, under what circumstances.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

6.

Case No. 14-cv-01536-JD

Recology denies that it has any of these obligations, each of which is specifically alleged in Plaintiff's Complaint. Each of these issues that Plaintiff seeks to adjudicate consequently will require this Court to interpret the obligations imposed by the CBAs based on the terms that Recology negotiated with the Teamsters.

In a recent case that Plaintiff entirely ignores, the district court found meal period and related claims preempted by Section 301. In *Buck v. Cemex, Inc.,* 2013 U.S. Dist. Lexis 124111 (E.D. Cal. Aug. 29, 2013), the plaintiff was a former cement truck driver seeking to represent all drivers employed in California by her employer, Cemex, Inc. *Id.* at *1. She claimed Cemex had failed to provide drivers with thirty-minute meal periods and ten-minute rest breaks as required by California Labor Code Section 512 and the applicable Wage Order, and thereby underpaid wages, provided inaccurate wage statements in violation of Labor Code Section 226, and failed to pay all wages timely on termination. *Id.* at *1-2. Like Plaintiff here, the court noted "[o]n their face, Plaintiffs' [sic] allegations raise no federal claims." *Id*. at *2. Cemex removed to federal court on the basis that the plaintiff's allegations would require analysis and interpretation of the CBA.

The plaintiff moved to remand, arguing that her claims were "based exclusively on non-waiveable [sic] statutory rights afforded all California employees under minimum labor standards governing wages, meal periods and rest periods and exist independently of the CBA upon which Defendants rely for removal." *Id*. at *6-7. The plaintiff argued that the union could not bargain away her non-negotiable statutory protections, and that it was "'the legal character of the claim, as "independent" of rights under the collective bargaining agreement that decides whether a state cause of action may go forward.'" *Id.* at *11, *quoting Livadas v. Bradshaw*, 512 U.S. 107, 123-24 (1994). The plaintiff even relied on many of the same cases Plaintiff here relies upon, such as *Burnside v. Kiewit Pacific Corp*., 491 F.3d 1053 (9th Cir. 2007); *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003); and *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc*., 407 F. Supp. 2d 1107 (C.D. Cal. 2005).

The court denied the plaintiff's remand motion, finding that these California Labor Code claims were preempted by Section 301. The court found that "the issue upon which the parties truly conflict is that of whether the meal period obligations imposed on California employers by

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

California Labor Code § 512(a) apply to employees such as Plaintiff." *Buck,* 2013 U.S. Dist. Lexis 124111, at *13-14. While the plaintiff argued that "these provisions are not fully consistent with California law and may not deviate from it," the defendant responded that Labor Code Section 512(e) rendered inapplicable the meal period requirements of Labor Code Section 512(a) to employers of commercial drivers subject to a valid CBA. *Id*. at *14. The court held that since the CBA had to be analyzed to determine if Cemex met its obligations with regard to meal breaks to the plaintiff and similarly situated drivers, the terms of the CBA were "inextricably intertwined" with the meal break dispute, and resolution of this dispute was "substantially dependent upon" the terms of the CBA. As the court concluded, "[i]ndeed, the CBA terms will control that issue." The court held that this "issue would be subject to this Court's jurisdiction under LMRA § 301 and the other issues raised by the Complaint would come within the supplemental jurisdiction of this Court even if only tangentially involved with the CBA." *Id*. at *17.

Similarly here, since Plaintiff disputes whether the meal period requirements of Labor Code Section 512(a) apply to the drivers as well as whether the one hour of additional pay provided for by Labor Code Section 226.7 is owed if those requirements were violated, then what obligations Defendant has to its employees with respect to meal periods, and whether those obligations have been met, cannot be resolved without interpreting the CBAs. *See, Firestone v. S. Cal. Gas Co*., 219 F.3d 1063, 1067-68 (9th Cir. 2000) (overtime obligations could not be resolved without interpreting CBAs). This Court will need to determine what precise obligations the CBAs impose upon Recology by indicating that an "unpaid lunch break of thirty minutes at as near to mid-shift as possible is permitted." Do the CBAs require Recology to relieve employees from all duty, permit a break for every five-hour work period, or require an additional hour's pay, and if so, under what circumstances? Plaintiff's dispute over compensation for meal periods thus is substantially dependent upon and inextricably intertwined with the governing CBA, and that claim is preempted. *Cf. Vranish v. Exxon Mobil Corp*., 223 Cal. App. 4th 103, 111-13 (2014) (court determines the meaning of "overtime" by reference to the CBAs, not the Labor Code, because the requirements of Labor Code Section 510 ***"do not apply" to unionized employees***).

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

8.

Case No. 14-cv-01536-JD

Plaintiff ignores the *Buck* case and attempts to avoid federal jurisdiction by arguing he will not seek premium pay for any meal periods not provided since January 1, 2011. (Plf. MPAs, pp. 10:27-11:3.) ***But Plaintiff's Complaint includes no such limitation***—it alleges "[f]or ***at least four years prior to the filing of this action and through to present***, Defendants RECOLOGY, INC. and/or DOES have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiff, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, ***as required by California's state wage and hour laws*** …." (Complaint, ¶ 3 [emphasis added].) Plaintiff has not amended his Complaint to restrict the time frame to before January 1, 2011, and it is unlikely he could do so, given that ***he did not work for Recology until December 2012***, and thus could have no claim for violation of Labor Code Section 512(a) if limited to 2010. (Ratto Decl., ¶ 3.) But in any event, this Court's jurisdiction is determined by the existing Complaint at the time of removal and Plaintiff cannot amend to divest this court of jurisdiction. *Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc*., 159 F.3d 1209, 1213 (9th Cir. 1998).

Indeed, the crux of Plaintiff's argument for remand is his contention that the statutory right to 30-minute meal periods and the one-hour of additional pay for all meal periods "not provided" are "non-negotiable" and "independent" from the rights afforded by Recology's CBA. (Plf. MPAs, pp. 5:22-27; 6:8-14.) But this contention is fatally flawed, because the rights of Plaintiff and the putative class he seeks to represent are ***entirely dependent upon*** and governed by their CBAs, as Labor Code Section 512(e) covering unionized commercial drivers ***expressly authorizes*** Recology to negotiate the terms of meal periods ***without regard to the obligations otherwise imposed by Section 512(a)***. This is consistent with federal labor law, which makes meal periods a mandatory subject of collective bargaining agreements. *Ford Motor Co. v. NLRB*, 441 U.S. 488, 498 (1979) ("the availability of food during working hours and the conditions under which it is to be consumed are matters of deep concern to workers, and one need not strain to consider them to be among those 'conditions' of employment that should be subject to the mutual duty to bargain").

/ / /

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

9.

Case No. 14-cv-01536-JD

Plaintiff thus relies upon obsolete and inapposite legal authority since in none of those cases did the employees' claim for missed meal periods rest upon statutory rights that were dependent upon bargaining agreements governed by Labor Code Section 512(e) for unionized commercial drivers. *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005) and *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, *supra*, 407 F.Supp. 2d 1107, ***predate the enactment of Section 512(e)*** in 2011, and thus those courts had no occasion to consider that statute's effect on preemption under Section 301. The plaintiffs in *Martinez v. Mann Packing Co., Inc.*, 2012 U.S. Dist. Lexis 133421 (N.D. Cal. Sept. 18, 2012), *Perez v. Daughters of Charity Health System*, 2012 U.S. Dist. Lexis 1547 (C.D. Cal. Jan. 5, 2012), and *Rodriguez v. Pacific Steel Casting Co*., 2012 U.S. Dist. Lexis 76757 (N.D. Cal. Jun. 1, 2012), were not commercial truck drivers and thus their employers ***did not argue that Section 512(e) applied***, and thus their rights to meal periods under Labor Code Section 512(a) was independent and non-negotiable. Indeed, in *Rodriguez* the court noted that the CBA's meal period provisions could not lawfully modify state law requirements under Section 512(a). *Rodriguez*, 2012 U.S. Dist. Lexis 76757, *13. Here, by contrast, Recology was expressly given authority by the Legislature to negotiate meal periods with the union, and having done so, the rights of those drivers are governed by their CBAs.

As Justice Posner recently noted in affirming dismissal of a claim that the Seventh Circuit found was governed by the bargaining agreement, "the cause of amicable labor-management relations is impaired by reading broadly statutes and regulations that remove wage and hour issues from the scope of collective bargaining." *Mitchell v. JCG Industries, Inc.*, 2014 U.S. App. Lexis 5099, *26 (7th Cir. Mar. 18, 2014). To resolve Plaintiff's and the putative class' meal period claims here, their CBAs must be interpreted, and consequently these disputes should be resolved pursuant to the uniform body of federal labor law.

### 2. Plaintiff's Overtime Claim Is Derivative Of His Preempted Meal Period Claim

Plaintiff's overtime claim is derivative of his meal period claim since he alleges that Recology "***deduct[ed] 30 minutes of paid time***, including straight time and ***overtime***, even though Plaintiff and those similarly situated worked through their meal periods, were not relieved of all

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

duties, were not relinquished control over their activities, were not permitted a reasonable opportunity to take an uninterrupted 30-minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break." (Complaint, ¶ 7.) By seeking payment of overtime under Labor Code Section 510 for any meal periods that were subject to auto-deduction without being relieved of duty, Plaintiff is disputing whether Section 514 applies, since Labor Code Section 514 indicates that the ***overtime requirement in Section 510 does "not apply" to employees governed by a valid CBA***. Plaintiff also claims that he should be compensated for any meal period in which he was not relieved of duty for 30 minutes, which will require an interpretation of whether such a meal period constitutes "work" under the CBA. And since Plaintiff seeks overtime for the time worked during meal periods, his overtime claim is intertwined with his right to meal periods under his CBA. His overtime claim therefore also is preempted.

Indeed, this dispute is not hypothetical. Recology recently had a grievance in which union members contended under the CBA that they were entitled to double-time after 12 hours even when that 12 hours included an unpaid off-duty meal period. (Declaration of Daniel Negrón, Ex. A [Ex. C to Hightower Decl.].) The dispute centered on the interpretation of the CBA's provision that "[a]ll work performed after twelve (12) hours in one day shall be paid at the double time (2X) rate of pay." (Ratto Decl., Exs. 2-3, CBA § 7(b).) The union contended that "work" time included the off-duty meal period. Similarly, the CBA provides that overtime for "[a]ll work performed in excess of eight (8) hours in any work day shall be paid at the overtime rate of one and one-half (1-1/2) time [sic] the straight time rate." (*Id.*) Resolution of Plaintiff's claim for overtime therefore will require interpretation of the applicable CBA, and Section 301 of the LMRA preempts these claims. *Cf. Kobold v. Good Samaritan Regional Medical Center*, 2013 U.S. Dist. Lexis 62292, *8 (D. Ore. Feb. 21, 2013) (dispute over right to extra shift premium pay preempted by Section 301).[4]

In short, the overtime provisions in Section 510 are not independent statutory obligations, but as a result of Section 514 can be—and here are—supplanted by the provisions of a

[4] Plaintiff's reliance on *Gregory v. SCIE*, 317 F.3d 1050 (9th Cir. 2003) is misplaced because there was no disagreement that Section 514 applied, nor was there any claim that overtime was owed for meal periods deducted automatically.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

11.

Case No. 14-cv-01536-JD

valid CBA. Plaintiff thus has no independent right to seek overtime. His right to overtime, and the right of all putative class members, is dependent upon the rights provided by the CBA, and those rights should be interpreted under the uniform body of federal law governing such agreements.

**B. Plaintiff's Reliance On The *Daniels* Remand Is Misplaced Because Daniels' Action Was Based On Rounding Of Time And Did Not Implicate Labor Code Section 512(e)**

Finally, Plaintiff argues that the remand of a different action against Recology by another federal district court requires remand of this action. (Plf. MPAs, pp. 9-10.) Plaintiff is mistaken because of significant differences between the *Daniels v. Recology, Inc., et al.* action and this one. The crux of Daniels' Complaint at the time of removal was his claim that rounding of punch-in and punch-out times on an electronic timekeeping system to the nearest quarter hour caused the plaintiff to be under-compensated. (Daniels Complaint, ¶¶ 22-27, 29-33 [Ex. A to Declaration of Alison S. Hightower].) Daniels' other Labor Code claims and his "unfair business practices" claim under Business and Professions Code Section 17200 were all derivative of this rounding of time claim. As the district court summarized the allegations, "at certain times, the tracking system rounds up to the nearest quarter hour when the employee clocks in, and rounds down to the nearest quarter hour when the employee clocks out at the end of the workday. Thus, Recology does not keep accurate records of when its employees worked, and it does not pay its employees for all hours worked." *Daniels v. Recology, Inc.*, 2010 U.S. Dist. Lexis 137613, *2-3 (N.D. Cal. Dec. 20, 2010). Importantly, unlike Plaintiff here, Daniels did ***not*** allege that:

- Overtime was not paid for working off the clock under Labor Code Section 510, but rather that time was clocked but then not paid due to rounding of time.
- Meal periods were not provided in violation of Labor Code Section 512 or the IWC Wage Orders, nor did he seek premium pay under the Labor Code.
- Rest periods were not authorized and permitted in violation of Labor Code Section 226.7 and the applicable Wage Order.

The district court remanded Daniels' rounding claims on the basis that this claim was totally independent of the collective bargaining agreement and not substantially dependent on an

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

12.

Case No. 14-cv-01536-JD

analysis of the CBA. *Daniels*, 2010 U.S. Dist. Lexis 137613 at *8-9.[5] But here, as discussed above, Plaintiff's claim for premium pay based on supposedly not being provided meal periods is dependent upon Plaintiff showing that the bargaining agreement carve-outs of Sections 512(e) and 514 do not apply to Plaintiff and the putative class. Unlike Daniels, Plaintiff and the class have no independent, non-negotiable right to premium pay or overtime as a result, and thus their claims are substantially dependent on the bargaining agreements. *Daniels* is inapposite.

**C. Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims**

Plaintiff's remaining claims for relief are within the supplemental jurisdiction of this Court under 29 U.S.C. § 1367(a) because they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's other state law claims are all derivative of his meal period claim since they "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding."[6] *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).[7] Jurisdiction is thus appropriate for all of Plaintiff's claims that are transactionally related to the federal claim.

**D. Plaintiff Is Not Entitled To An Award of Attorney's Fees**

Assuming that the Court were to grant Plaintiff's motion to remand, the Court should nonetheless deny the request for attorney's fees and costs because Recology had objectively reasonable grounds for removal. *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005). Plaintiff's Complaint objectively implicates the governing CBA, and Recology has case authority that in good faith amply supports its removal.

Indeed, courts regularly deny requests for attorney's fees and costs even where a motion to remand was granted, including in *Rodriguez*, 2012 U.S. Dist. LEXIS 76757 at *15, relied

---

5 Plaintiff Daniels later dismissed the rounding claims voluntarily, with court approval. (Hightower Decl., ¶ 3.) Judgment was entered for Recology earlier this year. (*Id.*)

6 Although Recology believes that original jurisdiction over Plaintiff's overtime claim exists, this Court may exercise supplemental jurisdiction over this claim alternatively.

7 Plaintiff's reliance on *Lividas v. Bradshaw*, 512 U.S. 107 (1994) as rendering his claim for penalties for supposedly late final pay is misplaced because there the only claim was late pay upon discharge, whereas here, Plaintiff contends that his final pay was short because he was not paid the additional pay supposedly owed under Labor Code Sections 226.7, 510, and 512(a). His final pay claim under Labor Code Section 203 thus derives from the same nucleus of facts as those claims.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

13.

Case No. 14-cv-01536-JD

upon by Plaintiff here. *Rodriguez* also involved Labor Code meal break claims where removal was denied based on a finding of no preemption under Section 301 of the LMRA, yet the court found that the plaintiff failed to prove an objectively reasonable basis for removal was lacking. Similarly, Plaintiff relies on Recology's unsuccessful removal of the *Daniels* case, but the district court there also denied the plaintiff's request for fees. *Daniels*, 2010 U.S. Dist. Lexis 137613 at *17. Here, Recology has not only explained that Labor Code Section 512(e) permits Recology to negotiate the terms of meal periods with its union, and why interpretation of its CBA will be required to resolve Plaintiff's claims, but has cited recent authority from this Circuit involving a similar meal period claim involving truck drivers and Labor Code Section 512(e). Plaintiff thus fails to demonstrate how Recology's basis for removal is not objectively reasonable and attorney's fees should be denied.[8]

## IV. CONCLUSION

As Labor Code Section 512(e) permits, Recology and Plaintiff's union negotiated certain meal periods rights for commercial drivers that are not co-extensive with statutory rights afforded other, non-unionized employees. The parties dispute whether the CBA requires Recology to relinquish all control over drivers, not allow any interruptions, "provide" multiple meal periods per day, or avoid any financial incentive for skipping lunches. They further dispute whether the drivers are entitled to one hour's additional pay if any meal period obligation was not met.

Since California law permits Recology to negotiate the rights of these truck drivers, they have no ***independent*** statutory right for meal periods, as the court found in *Buck*, which Plaintiff ignores. The scope of their meal period rights is determined by their CBAs and past practices, which will need to be interpreted to determine if the CBAs were breached and what if any remedy is appropriate. As a result, this dispute over the CBA's obligations is preempted and must be resolved pursuant to uniform federal labor law. Plaintiff's Motion to Remand should be denied.

/ / /

[8] Plaintiff's brief seeks $6,470 yet his Notice demands over $14,000. Plaintiff also provides no information regarding counsel's qualifications, nor does Mr. Mara even establish the reasonableness of his hourly rate or the time spent. Nor does he provide any authority for seeking the cost of "copies, ink, [or] paper" and there are no service fees given the e-filing system applicable here. (Mara Declaration, ¶ 5.)

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

14.

Case No. 14-cv-01536-JD

Dated: May 14, 2014

*/S/ Alison S. Hightower*
ROD M. FLIEGEL
ALISON S. HIGHTOWER
LITTLER MENDELSON, P.C.
Attorneys for Defendant RECOLOGY INC.

Firmwide:126774903.1 016440.2635

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MPA IN OPP. TO PLTF'S MOTION FOR REMAND, COSTS/ATTY FEES

15.

Case No. 14-cv-01536-JD