UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAVIER CORIA,

    Plaintiff,

    v.

RECOLOGY, INC.,

    Defendant.

Case No. 14-cv-01536-JD

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 16

Currently before the Court is plaintiff's motion for an order remanding the case to state court and awarding costs and attorneys' fees to plaintiff. Dkt. No. 16. The Court denies the motion.

**BACKGROUND**

Plaintiff filed this wage-and-hour class action against his former employer, Recology, Inc., in the California Superior Court for the County of San Francisco. Plaintiff was a truck driver for Recology, a waste management company. Among other things, plaintiff alleges that defendant had "a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked. Specifically, Defendants and/or DOES have a continuous policy of clocking-out Plaintiffs and those similarly situated out [*sic*] for a thirty minute meal period, even though Plaintiffs and all members of the Class work through their meal periods." Dkt. No. 1-2 ¶ 41. The complaint asserts ten causes of action against defendant, all under California statutory and common law, including various provisions of the California Labor Code and Industrial Welfare Commission Orders. *Id.* ¶¶ 40-139.

Defendant removed the action to federal court under 28 U.S.C. Sections 1441(a) and 1331, "based upon the existence of a federal question." Dkt. No. 1 at 1. Even though plaintiff's complaint does not contain any federal claims or mention any collective bargaining agreement

between plaintiff and Recology, both parties agree that some state law claims of this nature can be preempted and therefore removable. This is because of the well-settled, complete pre-emptive force of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(a). That section vests jurisdiction in the federal courts for "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . ." The question before the Court is whether the claims here are preempted by this section of the LMRA.

**GOVERNING STANDARD**

The removal statute is to be strictly construed against removal jurisdiction, and the party seeking removal bears the burden of establishing its propriety. *See*, *e.g.*, *California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Furthermore, "any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This principle recognizes that the plaintiff is the master of his or her claim, and in the usual case, "he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

But even when only state law claims have been pled, "complete pre-emption" is a sufficient basis for removal. *Caterpillar*, 482 U.S. at 393. And Section 301 of the LMRA is a federal statute that has complete preemptive force. *Id*. at 393-94. "The Supreme Court decided early on that in enacting this statute, Congress charged federal courts with a 'mandate . . . to fashion a body of federal common law to be used to address disputes arising out of labor contracts.'" *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). "The preemptive force of section 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization." *Id*. (internal quotation marks omitted). Accordingly, once preempted under Section 301, any claim purportedly based on state law is "considered, from its inception, a federal claim, and therefore arises under federal law." *Caterpillar*, 482 U.S. at 393.

Courts in the Ninth Circuit apply a two-step analysis to determine whether Section 301 preemption applies. First, a court inquires "into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a [collective bargaining agreement]." *Burnside*, 491 F.3d at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted, and [the] analysis ends there." *Id*. If, however, the right exists independently of the collective bargaining agreement, the court "must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id*. A state law right is "substantially dependent" on the terms of a CBA if a court must interpret, as opposed to merely "look to," the collective bargaining agreement to resolve the plaintiff's claim. *See id*. at 1060.

In making this inquiry, the Court may properly consider documents that are extrinsic to the complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 704 (9th Cir. 1998) ("Because complete preemption often applies to complaints drawn to evade federal jurisdiction, a federal court may look beyond the face of the complaint to determine whether the claims alleged as state law causes of action in fact are necessarily federal claims.").

## DISCUSSION

### I.     FAILURE TO PROVIDE MEAL PERIODS

As clarified by the briefing, the essence of the dispute between the parties is simple: the issue is whether or not California Labor Code Section 512(e) applies. That section provides that Section 512(a), which in turn contains the California statutory requirements pertaining to when meal periods must be provided, "do[es] not apply to an employee specified in subdivision (f) if both of the [] conditions" specified in Section 512(e) are satisfied.

This is important because plaintiff's third cause of action for failure to provide meal periods is based on Labor Code Section 512(a). *See* Dkt. No. 1-2 ¶ 53. So if Section 512(e) applies, then 512(a) does <u>not</u> apply, and plaintiff's claimed right to meal periods cannot be said to be based on state law. Instead, any complaints regarding his meal periods (or lack thereof) will need to be made pursuant to plaintiff's collective bargaining agreement.

Defendant has submitted the collective bargaining agreement "that governed Mr. Coria's employment with Recology." *See* Dkt. Nos. 1-9 ¶ 8 and 1-13. That agreement, the validity or application of which plaintiff does not dispute, has a provision regarding "Coffee Breaks." That provision states that "[a]ll employees shall each day be entitled to take two (2) paid coffee breaks of fifteen (15) minutes each. An unpaid lunch break of thirty (30) minutes at as near to mid-shift as possible is also permitted." Dkt. No. 1-13 at 19.

Turning back to the applicability of Section 512(e), it is not disputed that plaintiff is a "commercial driver" and he is therefore an "employee specified in subdivision (f)." *See* Cal. Labor Code §§ 512(e), (f)(2). Section 512(e) applies here, then, if these remaining conditions are met: "(1) The employee is covered by a valid collective bargaining agreement[, and] (2) [t]he valid collective bargaining agreement expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate." Cal. Labor Code § 512(e).

Few cases have considered the application of Section 512(e), which went into effect on January 1, 2011. But a plain reading of the statute alongside the relevant collective bargaining agreement compels the conclusion that the conditions for application of the 512(e) exemption are satisfied here. *See also* Dkt. No. 1 at 5-7.

A key factor in the Court's analysis is that plaintiff has not taken issue with any of the conditions that must be met before Section 512(e)'s exemption can apply. Instead, plaintiff appears to concede that those pre-conditions have been met. *See*, *e.g.*, Dkt. No. 19 at 3 ("Plaintiff is not claiming the CBA here fails to meet Labor Code § 512(e)'s requirements to be exempt from § 512(a)."). This is a fact that distinguishes this case from those plaintiff has cited in support of his motion, including the *Daniels v. Recology, Inc.*, No. C 10-04140 JSW, 2010 WL 5300878 (N.d. Cal. Dec. 20, 2010) case he relies upon heavily.

//

//

Plaintiff instead takes the alternate tack of arguing that he is "only claiming meal period violations during the time period before § 512(e) came into effect." Dkt. No. 19 at 3. In other words, he says his meal period claims "stop at January 1, 2011 - the date § 512(e) went into effect." *Id.* But there are several fatal problems with plaintiff's position. First, this is simply not how his complaint is stated. *See* Dkt. No. 18 at 9; *see also*, *e.g.*, Dkt. No. 1-2 ¶ 3 (alleging claims "[f]or at least four years prior to the filing of this action and through to present"). The complaint contains no cut-off as of December 31, 2010. And although plaintiff now offers to "amend the complaint to expressly reflect the fact that his meal period claims go from February 26, 2010 through [December] 31, 2010," Dkt. No. 19 at 4 n.3, this is too little, too late. The Court's jurisdiction is determined from the complaint as it existed at the time of removal, *see Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998), and plaintiff "cannot divest the court of removal jurisdiction by proposing to amend his complaint." *Guzman v. USS-POSCO Indus.*, No. C 96-4018 FMS, 1997 WL 285131, at *2 (N.D. Cal. May 21, 1997).

Even if the Court were inclined to permit plaintiff to amend, it appears that plaintiff faces an even bigger problem in that he "did not work for Recology until December 2012." Dkt. No. 18 at 9. This fact is put forward by defendant and supported by the declaration of John Ratto, the Operations Manager for Recology Golden Gate, a subsidiary of Recology Inc. Dkt. No. 1-9 ¶¶ 1, 3. It is a fact that plaintiff does not dispute. Instead, he argues only that "[t]his fact . . . goes to Plaintiff's adequacy to represent the interests of the class, which the court can address at the time of class certification." Dkt. No. 19 at 4. But this is not correct. Plaintiff is the sole named plaintiff in this case, and he cannot assert any claims for which he himself has no Article III standing.

It is therefore the Court's conclusion -- and it is not disputed -- that plaintiff is the type of employee and his is the type of collective bargaining agreement that fall under the exemption provided by Section 512(e). It is further undisputed that plaintiff did not even begin employment with Recology until after Section 512(e) went into effect. Given these facts, there is no question that plaintiff cannot assert any failure to provide meal periods claim against Recology that is based

on California Labor Code Section 512(a), which is the purported state law basis for that claim. Instead, his only basis for such a claim will necessarily be the meal period provisions of his collective bargaining agreement. Under *Burnside*, then, Mr. Coria's claimed right to meal periods is one that "exists solely as a result of the CBA." 491 F.3d at 1059. Accordingly, the claim is preempted, and the Court's analysis as to that claim "ends there." *Id*.

## II.     FAILURE TO PAY OVERTIME

The Court concludes that plaintiff's second cause of action for failure to pay overtime is also preempted for a similar reason. Plaintiff asserts that "[d]efendants failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week." Dkt. No. 1-2 ¶ 48. It is California Labor Code Section 510(a) which requires overtime pay for "work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek."

But that section, too, has a corresponding exemption. California Labor Code Section 514 provides that "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."

Significantly, the CBA characteristics required by Section 514 are included almost verbatim among the characteristics required for application of the Section 512(e) exemption discussed above. *See* Cal. Labor Code § 512(e) ("Subdivisions (a) and (b) do not apply to an employee specified in subdivision (f) if both of the following conditions are satisfied: (1) The employee is covered by a valid collective bargaining agreement[;] (2) The valid collective bargaining agreement expressly provides for *the wages, hours of work, and working conditions of the employees, . . . . premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate*.") (emphasis added). Therefore, the Court's conclusion that the Section 512(e) exemption applies compels the conclusion that the exemption provided by Section 514 also applies.

Plaintiff expressly concedes that his "overtime claims are not disputing whether the overtime or premium wage rates in the CBA actually constitute premium wage rates as contemplated under Labor Code § 514." Dkt. No. 16 at 8.  Nevertheless, citing *Gregory v. SCIE, LLC*, 317 F.3d 1050 (9th Cir. 2003), plaintiff argues that his claim is still not preempted, because his is a claim "for a 'failure to pay all overtime for time worked.'" Dkt. No. 19 at 5.

But plaintiff misses a critical distinction between this case and *Gregory*.  In *Gregory*, the dispute arose "because the work Gregory performed for SCIE on different [television and motion picture] productions exceeded in the aggregate eight hours in one work day and forty hours in one work week." 317 F.3d at 1053.  His main complaint was that he was not paid premium wage rates because "SCIE does not lump together different productions to calculate overtime hours." *Id*. Critically, there, the CBA was "silent about whether hours worked on different productions are or are not to be aggregated when calculating overtime hours worked." *Id*.  As a result, the court concluded that the dispute between the parties "may require interpretation of the words 'any work' in the statute [*i.e.*, Cal. Labor Code § 510]," but its resolution would not require reference to or interpretation of the CBA. *Id*.

Here, plaintiff's failure to pay overtime claim is based on defendant's alleged conduct of "deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day." Dkt. No. 1-2 ¶ 50.  In this case, those issues -- when and for how long an employee may take meal and rest periods, and how those breaks are to be treated in terms of the employee's compensation -- are directly addressed by and dependent upon the same "Coffee Break" provision of plaintiff's collective bargaining agreement discussed above. *See* Dkt. No. 1-13 at 19.

As a result, in contrast to *Gregory*, this is a case that does fall under the exemption provided by California Labor Code Section 514, and plaintiff's overtime claim also cannot be said to be based on a state law right to overtime under California Labor Code Section 510.  His failure to pay overtime claim, too, thus involves a right, if any, that arises out of his collective bargaining

1  agreement, and it, too, is therefore preempted under Section 301 of the LMRA.[1]

## III.  REMAINING CLAIMS

Defendant argues that plaintiff's remaining claims for relief are within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) "because they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution." Dkt. No. 18 at 13.  Plaintiff does not offer a substantive argument to the contrary, and the Court agrees that plaintiff's other state law claims all "derive from a common nucleus of operative fact" as his meal period and overtime claims and "are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004).

Plaintiff himself presents his failure to provide rest periods cause of action as one that is not distinct or independent from his meal period claim. *See*, *e.g.*, Dkt. No. 1-2 ¶¶ 72 (defendants' pattern and practice resulted in plaintiff and others "not breaking route to take meal and rest periods"); 73 ("meal and rest periods were not priorities to Defendants"); 74 ("subjugated Plaintiff's and those similarly situated's rights to meal and rest periods"). *See also Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, at *6 (E.D. Cal. Aug. 29, 2013) (where terms of CBA would control meal break issue, "the issue would be subject to this Court's jurisdiction under LMRA § 301 and the other issues raised by the Complaint would come within the supplemental jurisdiction of this Court even if only tangentially involved with the CBA.").

Plaintiff's other causes of action are also obviously inextricably intertwined with plaintiff's meal and overtime claims. *See*, *e.g.*, Dkt. No. 1-2 ¶ 131 (unfair competition law claim referencing defendants' "failure to compensate for unprovided or improperly provided rest and meal periods").

## CONCLUSION

For the reasons set forth above, the Court concludes that plaintiff's second and third causes of action raise federal questions by virtue of LMRA Section 301's preemptive force, and that the

---

[1] In the alternative, even if Section 514 did not apply and plaintiff's failure to pay overtime claim could be said to arise out of California Labor Code Section 510, it would nevertheless be preempted as a claim that is "substantially dependent on" an analysis of plaintiff's collective bargaining agreement.

8

Court may properly exercise supplemental jurisdiction over plaintiff's remaining claims. The Court therefore denies plaintiff's motion.

The Court further sets a case management conference in this action for Wednesday, September 3, 2014 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: August 7, 2014

_____
JAMES DONATO
United States District Judge